LEWIS et al. v. GARLOCK et al. (UNITED STATES, Intervener).

(Circuit Court, D. South Dakota, W. D. January 7, 1909.)

WOODS AND FORESTS (§ 8*)—TIMBER ON MINING CLAIMS—NATIONAL FORESTS.

Whatever rights the holders of unpatented mining claims may have in the timber on their claims are subject to the paramount title of the government, and, when such claims are in a national forest, timber thereon which is dead, matured, and infested with insects so as to be a menace to the young and growing trees may be sold by the Forest Service under the regulations promulgated by the Secretary of Agriculture.

[Ed. Note.—For other cases, see Woods and Forests, Dec. Dig. § 8.*]

In Equity.

Helm & Atwater, for plaintiff.

E. L. Grantham, for defendants Garlock & Ainslee.

Edward E. Wagner, U. S. Dist. Atty., and William G. Porter, Asst. U. S. Dist. Atty.

CARLAND, District Judge. This cause coming on to be heard on this 7th day of January, 1909, at this term of court, was argued by counsel pursuant to notice and stipulation of all of the parties to said action, and thereupon all parties interested being legally before the court, and upon consideration of the stipulation of all the parties, duly filed in this court, the court specifically finds, as follows:

1. That under and by virtue of the provisions of an act of Congress approved June 4, 1897 (Act June 4, 1897, c. 2, 30 Stat. 35 [U. S. Comp. St. 1901, p. 1538]), and an act of Congress approved June 6, 1900 (Act June 6, 1900, c. 804, 31 Stat. 661), and an act of Congress approved March 4, 1907 (Act March 4, 1907, c. 2907, 34 Stat. 1269, 1270 [U. S. Comp. St. Supp. 1907, p. 508]), and the act or acts amendatory thereof and supplementary thereto, and the rules and regulations promulgated by the Secretary of Agriculture pursuant to the said acts, the defendants, Garlock & Ainslee, a copartnership, on the 24th day of September, 1907, made application to purchase at private sale certain timber within the Black Hills National Forest of South Dakota, duly advertised for sale in the Custer Chronicle, a newspaper of general circulation in the state of South Dakota, wherein the said forest reserve exists, by notice of sale published for not less than 30 days before April 22, 1907, no satisfactory bid having been received, the said timber, being nonmerchantable, dead, and insect-in-

fested timber, designated by the forest officers, situate upon the southwest quarter of section twenty-nine (29), southeast quarter of section thirty (30), section thirty-one (31) (except northwest quarter of the northwest quarter), west half of the northwest quarter section thirty-two (32), township three (3) south, range five (5) east, and north half and north half of the southwest quarter of section six (6), township four (4) south, range five (5) east, B. H. M., within the Black Hills Forest Reserve, in the state of South Dakota, and within Custer county within said state, estimated to be about 150,000 feet B. M., more or less, of bull pine saw timber, and 19,200 feet B. M. of bull pine sawlogs, and 50 cords of wood, which said application was on the 14th day of October, 1907, duly approved by J. F. Smith, supervisor.

That the said timber, at the time of said purchase, consisted of dead, matured, and large growth trees, and the same was then and there infected with destructive insects, bugs, and timber beetles, and the removal thereof from the said Forest Reserve was necessary for the protection and to prevent similar infection of the standing and growing timber and younger growth on the said Forest Reserve, and the sale thereof to Garlock & Ainslie, copartners, by the United States, intervener, was made largely to effect the removal of the same within a certain time so as to prevent the greater infection of the growing timber and the spread of the ravages of the said insects into the younger growth of timber thereon.

2. That the sale of the said timber was duly advertised and purchased by the defendants, Garlock & Ainslie, copartners, under the provisions of the statutes aforesaid, and particularly under the rules and regulations duly made and promulgated by the Secretary of Agriculture under authority and pursuant to said statutes aforesaid mentioned. That the said timber was duly marked by forest supervisors, and cut under government supervision, and paid for at the government price, to wit, $1 per thousand feet, the fair and reasonable value thereof, and that no part of said timber in excess of 4,443 feet and one cord of wood has been cut upon the lands and premises aforesaid described and claimed by plaintiffs.

3. That the claim of plaintiffs in and to said lands is based upon the location of two certain mining lodes or claims, known as the Halyfax and the Atlantia lodes, within the boundaries of the lands hereinbefore described. That the said mining lodes or claims have not passed to patent. That a portion of the timber hereinbefore described is situated upon said mining lodes or claims. That the interest of plaintiffs in and to said mining lodes is that of locators of the same under the mining laws of the United States and the state of South Dakota. That no patent has issued to said locators for said mining lodes, and their title is simply held under a certificate of location of the said mining claims.

4. That the timber hereinbefore described belongs to the United States and is the property of the United States, and the title to the same is now and at all times mentioned herein was vested in the United States, and that the United States, intervener in this suit, has the absolute control of the disposal of the said timber hereinbefore described under and by virtue of the said acts of Congress and the rules and

regulations promulgated by the Secretary of Agriculture in accordance with and pursuant to the said statutes. That the forest supervisor of the Black Hills Forest Reserve, under and by direction of the Secretary of Agriculture, and pursuant to authority and laws of the United States and the rules and regulations thereunder, hereinbefore mentioned, took possession about November 12, 1907, of the timber situated upon the said lands and mining claims hereinbefore described, and at the time of the institution of this action, to wit, December 7, 1907, the defendants Garlock & Ainslie, a copartnership, under and by virtue of the aforesaid contract of purchase, had possession of the said dead and down timber and insect-infected timber on the aforesaid lands, and were then and there holding the same under a legal contract for purchase, and that plaintiff then and there had no title or right to the possession and control of the said insect-infected timber hereinbefore described.

5. That the United States, intervener herein, rightfully and lawfully took possession of the said insect-infected timber, then and there a menace to the forest growth upon said lands hereinbefore described by reason of its being infected with bugs and timber beetles, and under the provisions of the said acts of Congress, and pursuant to the rules and regulations promulgated by the Secretary of Agriculture, authorized by said acts of Congress, disposed of the said insect-infected timber. That plaintiffs herein are and were without authority and have no legal right to interfere with or hinder the disposal of said insect-infected timber when seized by the United States, intervener, and disposed of as provided by the statutes of the United States and the rules and regulations authorizing the same. That, under the statutes of the United States and the mining laws of the United States, United States, intervener, possessed and was vested with a paramount right and superior ownership in and to said mining claims and the lands upon which said insect-infected timber was situated within the said Black Hills Forest Reserve, and that whatever rights the plaintiffs possessed following from their location, discovery, and attempted appropriation of said mining lands were inferior to and subject to the ownership of the United States, intervener herein.

6. That the allegations and averments in the amended answer of the said defendants and the United States, as intervener, are true.

Therefore, it is hereby ordered, considered, and decreed that the temporary injunction, granted in the above-entitled action on the 7th day of September, 1907, be, and the same is hereby, in all respects dissolved, and a permanent injunction and restraining order in the above-entitled suit is absolutely denied. That the complaint of plaintiffs be, and is hereby, dismissed upon the merits and for want of equity.